UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PHILLIP SOLOWESZYK,
  Plaintiff,
v.

BWG STITCH BY STITCH, LLC,
  Defendant.

Case No. 9:25-cv-80855-DMM

## FIRST AMENDED COMPLAINT

  Plaintiff, PHILLIP SOLOWESZYK, (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this First Amended Complaint and sues Defendant, BWG STITCH BY STITCH, LLC (hereinafter, "Defendant"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and conformance with the Web Content Accessibility Guidelines 2.1, Level AA (hereinafter, the "WCAG").

### JURISDICTION AND VENUE

  **1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

  **2.** The subject website is an online commercial platform located at https://stitchfl.com/ (hereinafter, the "Website"), which offers goods and services from Defendant's physical retail store located at 10300 Forest Hill Blvd, Wellington, FL 33414 (hereinafter, the "Subject Premises").

  **3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the Subject Premises are located in the Southern District.

### PARTIES

  **4.** Plaintiff, PHILLIP SOLOWESZYK, is over the age of 18, *sui juris*, and a resident

1

of Palm Beach County, Florida. Plaintiff suffers from a congenital retinal disease known as Stargardt's and is legally blind, relies on screen reader software and accessible technology to access digital content and communicate over the internet, and is a qualified individual under the ADA.

5. Because Plaintiff is legally blind, he cannot use websites or digital platforms without the assistance of appropriate auxiliary aids, such as screen reader software. Screen readers convert visual content into audio, allowing users with visual impairments to navigate websites using keyboard commands and auditory cues. When websites are not designed to be accessible, screen readers cannot interpret elements like unlabeled buttons, misused headings, or inaccessible navigation menus—preventing individuals like Plaintiff from meaningfully accessing digital content. *See Andrews v. Blick Art Materials, LLC*, 286 F. Supp. 3d 365, 374 (E.D.N.Y. 2017); *Fernandez v. GS Aventura Ltd. Liab. Co.*, No. 23-cv-24643-BB, 2024 U.S. Dist. LEXIS 40408, at 3–4 (S.D. Fla. Mar. 6, 2024).

6. Defendant, BWG STITCH BY STITCH, LLC, is a Florida limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district. Defendant, BWG STITCH BY STITCH, LLC, owns and/or operates the Subject Premises and Website. The Website is a digital extension of Defendant's brick-and-mortar retail store and offers services including browsing product catalogs, placing online orders, and arranging for in-store pickup or delivery.

7. STITCH BY STITCH, operating through its website at https://stitchfl.com, is an online retailer specializing in custom-designed apparel and promotional products. The website offers a range of customizable items, including t-shirts, hats, mugs, and bags, allowing customers to personalize products for personal or business use. The Plaintiff, who is legally blind and uses

screen-reading software to navigate the internet, is interested in the products offered by STITCH BY STITCH and visited the website to explore its offerings. However, due to significant accessibility barriers on the website, the Plaintiff was unable to effectively use the site. These barriers have denied the Plaintiff full and equal access to the goods and services offered online, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

8. Plaintiff, in his individual capacity, attempted to access the Website to browse clothing items, learn store information, and make online purchases. Plaintiff encountered multiple digital barriers which prevented him from using the Website independently, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these accessibility barriers and Defendant's ongoing failure to comply with ADA requirements for effective communication.

9. Plaintiff has accessed the Website in the past and intends to return in the near future to evaluate whether the discriminatory access barriers have been corrected. However, he is presently deterred from using the Website while these barriers and Defendant's non-compliant digital policies remain in place.

10. Plaintiff has been denied full and equal access to Defendant's Website, which serves as a digital gateway to the goods and services offered by the physical retail location. These denials, caused by the access barriers identified in this First Amended Complaint, will continue until the Website is made compliant with the ADA and relevant accessibility standards.

11. Beyond his personal interest in accessing Defendant's Website and physical store, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the rights of others similarly situated through digital access testing.

12. Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, issued regulations for Title III of the Americans with Disabilities Act of 1990, which require public accommodations to ensure effective communication and equal access, including through websites and digital services.

13. Although the Department of Justice has recognized that websites associated with places of public accommodation must be accessible, Defendant's Website fails to meet even the minimum accessibility standards required by the Web Content Accessibility Guidelines (WCAG) 2.1, Levels A and AA, and is incompatible with screen reader software relied upon by visually impaired users such as Plaintiff.

14. Plaintiff asserts that Defendant's failure to maintain an accessible Website is knowing, ongoing, and will not be remedied without judicial intervention. Defendant's inaction has exacerbated the harm suffered by Plaintiff and continues to exclude him from full participation in the goods and services offered to the general public.

15. The Website, as a digital extension and integral part of Defendant's public accommodation, is required by law to comply with the ADA and WCAG standards. Despite this, it remains non-compliant and inaccessible to blind and visually impaired users.

16. Plaintiff has suffered harm and injury as a result of encountering access barriers on the Website and will continue to suffer harm so long as Defendant fails to address the violations outlined herein.

17. Plaintiff has experienced both direct and indirect injury as a result of the Website's inaccessibility and Defendant's failure to adopt or enforce policies that ensure digital access for users with disabilities.

18. Plaintiff attempted to access Defendant's Website but was unable to do so

independently due to his disability and the Website's failure to support screen reader technology, provide properly labeled elements, or include alternative methods of communication for visually disabled users.

19. Plaintiff intends to return to the Website in the near future to utilize the goods, services, and accommodations available through it. However, his ability to do so remains restricted by the Website's continuing ADA violations and the absence of effective auxiliary aids and services.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

20. Plaintiff restates Paragraphs 1-19 as though fully set forth herein.

21. Defendant, BWG STITCH BY STITCH, LLC, has discriminated against Plaintiff and other individuals with visual disabilities by failing to provide full and equal enjoyment of the goods, services, privileges, advantages, and accommodations offered through its Website, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's implementing regulations, 28 C.F.R. Part 36.

22. As the operator of both the brick-and-mortar retail location and the Website, Defendant is responsible for ensuring that its digital services comply with the ADA, including removing digital access barriers and providing effective communication to individuals with disabilities, where such steps are readily achievable, as required by 42 U.S.C. § 12182(b)(2)(A)(iii).

23. Defendant is further responsible for ensuring that the policies, practices, and procedures governing its Website do not deny individuals with disabilities full and equal access to the goods and services offered by its physical store, as integrated and extended through the Website.

24. Plaintiff's ability to access the Website and fully benefit from its goods and services is hindered by multiple access barriers and noncompliant digital design practices, including but not limited to the following:

   i. The interactive logo at the header and footer is missing alternative text, violating WCAG 2.1 SC 1.1.1 – Nontext Content Level (A).

   ii. The "Men's/Unisex" navigation element is inappropriately nested using list tags, resulting in improper screen reader announcements, violating WCAG 2.1 SC 1.3.1 – Info and Relationships Level (A).

   iii. The same inappropriate list markup issue is replicated in the "Women's," "Youth/Toddler," and "Gear" navigation items, also violating WCAG 2.1 SC 1.3.1 – Info and Relationships Level (A).

   iv. The error messages under the "Custom Order Request" form ("This field is required" and "The e-mail address entered is invalid") are hidden from screen readers via aria-hidden="true," violating WCAG 2.1 SC 1.3.1 – Info and Relationships Level (A).

   v. Star ratings on block quotes are not included in the reading order, also violating WCAG 2.1 SC 1.3.1 – Info and Relationships Level (A).

   vi. Regular text at the footer and form input fields lacks sufficient color contrast, violating WCAG 2.1 SC 1.4.3 – Contrast (Minimum) Level (AA).

   vii. The visual focus indicator on interactive elements such as the "Design your now" link and the "Send Your Request" button fails to meet the minimum contrast requirement, violating WCAG 2.1 SC 1.4.11 – Non-Text Contrast Level (AA).

   viii. The expandable view/hide form control and several key elements (cart and profile links, social media icons, slider control buttons) lack accessible names, roles, or states, violating WCAG 2.1 SC 4.1.2 – Name, Role, Value Level (A).

   ix. The dynamic loading state after submitting the "Send Your Request" form is not programmatically conveyed to screen reader users, violating WCAG 2.1 SC 4.1.3 – Status Messages Level (AA).

25. Upon information and belief, Defendant has not taken meaningful steps to implement or enforce any digital accessibility program. Defendant has failed to adopt a Web Accessibility Policy, designate a Web Accessibility Coordinator, or establish a Web Accessibility Committee. Defendant has also failed to conduct user accessibility testing or automated web

accessibility audits, and does not maintain a Bug Fix Priority Policy to resolve access barriers once identified.

26. Moreover, Defendant has not created a dedicated customer assistance service for visually impaired users and has failed to provide an accessibility page, contact information, or a public accessibility roadmap outlining when or how the Website will become fully accessible. These omissions confirm that Defendant has not instituted any policies or procedures to ensure ongoing compliance with the ADA or WCAG standards.

27. Plaintiff has attempted to access Defendant's Website to utilize the goods and services offered but has been denied full and equal enjoyment due to his disability and the Website's persistent accessibility barriers. These digital obstacles have caused Plaintiff harm, and he reasonably expects to face continued exclusion unless and until Defendant is compelled to comply with the ADA.

28. In addition to his personal interest in accessing Defendant's Website and retail services, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure compliance with the ADA. In this capacity, Plaintiff has engaged with the Website, encountered discriminatory barriers, and intends to return to verify whether those barriers have been remediated.

29. Plaintiff, in his capacity as a tester, will return to Defendant's Website once the necessary digital modifications have been made to ensure accessibility for individuals with visual impairments. Plaintiff will verify ADA compliance and confirm whether accessibility is properly maintained.

30. The removal of the Website's accessibility barriers and implementation of effective auxiliary aids and services is readily achievable and can be accomplished without significant

difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iii); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.303 and § 36.304.

31. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Unless Defendant is required to remedy the Website's inaccessibility and comply with its ADA obligations, Plaintiff reasonably anticipates continued harm and exclusion.

## RELIEF SOUGHT

32. Plaintiff seeks an injunction requiring Defendant to bring its Website into full compliance with Title III of the ADA by removing all digital accessibility barriers and ensuring effective communication for individuals with visual disabilities, in accordance with WCAG 2.1 Level AA or higher standards.

33. Pursuant to 42 U.S.C. § 12188(a), this Court has authority to grant injunctive relief, including an order directing Defendant to take all steps necessary to make the Website readily accessible to and usable by individuals with disabilities to the extent required by the ADA, and to maintain such accessibility on an ongoing basis. This includes, but is not limited to: (a) requiring Defendant to adopt and implement a publicly available web accessibility policy and link it from the Website homepage; (b) appointing a Website Accessibility Coordinator; (c) establishing a mechanism for receiving and responding to accessibility-related feedback from users with disabilities; (d) conducting automated and manual accessibility testing at least once every three months and reporting those results to Plaintiff's counsel for a period of twelve (12) cycles; (e) training employees responsible for managing Website content and code on accessibility standards no less than annually; (f) ensuring that all third-party content and features integrated into the Website are accessible; and (g) maintaining an Accessibility Statement on the Website homepage that provides contact information and a summary of Defendant's accessibility efforts. Defendant

should also be required to provide accessible alternative methods of communication and access while the Website is undergoing remediation.

34.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action and is entitled to recover his reasonable attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. §§ 12205 and 12188.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to bring its Website into full compliance with Title III of the Americans with Disabilities Act; requiring Defendant, by a date certain, to update the Website and to continue monitoring and updating it on an ongoing basis to ensure that individuals with visual disabilities can access, and continue to access, the Website and effectively communicate with it; requiring Defendant to implement ongoing accessibility support by appointing a Website Accessibility Coordinator and establishing a feedback mechanism for accessibility-related issues; directing Defendant to evaluate and revise its policies, practices, and procedures toward individuals with disabilities and to undertake corrective measures to bring the Website into compliance with the ADA; requiring Defendant to adopt and publish a written web accessibility policy and implement accessibility features to ensure effective communication for visually impaired users; requiring that all third-party vendors participating on the Website comply with applicable accessibility standards; directing Defendant to provide mandatory web accessibility training to all relevant personnel at least annually; directing Defendant to conduct both automated and manual accessibility testing of the Website at least once every three months for a period of twelve (12) reporting cycles, and to submit the results to Plaintiff's counsel for review; directing Defendant to publish and maintain on the Website homepage a clear and accessible statement of its accessibility policy, accompanied by an

accessible method for submitting feedback and obtaining assistance; awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in bringing this action; and granting such other and further relief as the Court deems just and proper.

                                                        Respectfully submitted,

                                                       /s/ Lauren N. Wassenberg
                                                       Lauren N. Wassenberg, Esq. (FBN: 34083)
                                                          *Attorney for Plaintiff*
                                                       Lauren N. Wassenberg & Associates, P.A.
                                                       33 SE 4th St., Ste. 100
                                                       Boca Raton, Florida 33432
                                                       844-702-8867
                                                       WassenbergL@gmail.com